IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIUS BARNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2464-BN |
| | § | |
| A S & I, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

On March 19, 2014, the Court entered an order [Dkt. No. 16] granting the motion to withdraw of Raul Elizondo, P.C. and its attorney Raul Elizondo (collectively, "Defendants' counsel") as counsel for Defendants A S & I, LLC and Greg Roberts [Dkt. No. 12]. As the Court's March 19 order explained, Defendants' counsel's withdrawal from this litigation has further implications for this case's progress going forward.

Defendant Greg Roberts is an individual and may, if he chooses, represent himself in this matter. *See* 28 U.S.C. § 1654.

But Defendant A S & I, LLC is a limited liability corporation formed and existing under the laws of the State of Texas. *See* Dkt. No. 1 at 1; Dkt. No. 5 at 1. Insofar as Defendant A S & I, LLC is neither an individual nor a sole proprietorship, it must be represented by an attorney in litigation in federal court. *See M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010).

Accordingly, in its March 19 order, the Court ordered that Defendant A S & I, LLC must obtain legal counsel and cause the new counsel to enter an appearance in this case by no later than April 18, 2014. The Court's order also warned this defendant that a defendant's failure to hire counsel to represent it may result in appropriate measures, including possibly striking the defendant's defenses and entering a default judgment against the defendant. *See Adonai Communications, Ltd. v. Awstin Investments, L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997).

The Court ordered that service of the March 19 order be effected by the Clerk's mailing a copy of the order to the address provided for each defendant by their counsel in the motion to withdraw. The Court also ordered Mr. Elizondo to transmit a copy of the March 19 order to each Defendant (or its representative). The copies of the March 19 order mailed by the Clerk have, to date, not been returned as undeliverable, and Mr. Elizondo filed a certificate of service reporting his service of the order on his clients (or their representatives) as required. *See* Dkt. No. 17.

Despite the Court's March 19 order requiring the now-unrepresented corporate defendant to obtain new counsel, new counsel has not entered an appearance for Defendant A S & I, LLC.

In federal court, a corporation is not permitted to proceed *pro se*. "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed

counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)).

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). When a corporation declines to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant. *See Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel). Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance

by counsel, judgment may be entered against the business entity by default.").

Defendant A S & I, LLC remains unrepresented by counsel and has failed to comply with the Court's order. In the Court's March 19 order, the Court admonished this defendant that failure to obtain counsel may result in appropriate measures, including possibly striking the defendant's defenses and entering a default judgment against the defendant.

The Court has considered the imposition of alternate sanctions short of striking each defendant's defenses and entering a default. However, considering all the circumstances, including the bases on which Mr. Elizondo sought and was granted leave to withdraw, the Court finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

Defendant A S & I, LLC was given 30 days to obtain new counsel and was warned of these possible consequences if it failed to do so, and, as required by the Court, this defendant's counsel advised it of the Court's March 19 order. *See* Dkt. No. 17. A S & I, LLC has failed to obtain legal counsel and cause the new counsel to enter an appearance in this case by the April 18, 2014 deadline – now almost a week past.

## Conclusion

The Court ORDERS that Defendant A S & I, LLC is in default. The Clerk of Court, pursuant to Fed. R. Civ. P. 55(a), is directed to enter default against Defendant A S & I, LLC.

The Court further ORDERS that the Defendants' Original Answer [Dkt. No. 5]

filed by Defendants A S & I, LLC and Greg Roberts be stricken <u>as to A S & I, LLC only</u>.

Finally, the Court ORDERS that Plaintiff move for default judgment against Defendant A S & I, LLC for failure to appear by and through counsel.

SO ORDERED.

DATED: April 24, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE