IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIUS BARNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2464-BN |
| | § | |
| A S & I, LLC and GREG ROBERTS, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

### Background

On March 19, 2014, the Court entered an order [Dkt. No. 16] granting the motion to withdraw of Raul Elizondo, P.C. and its attorney Raul Elizondo (collectively, "Defendants' counsel") as counsel for Defendants A S & I, LLC and Greg Roberts [Dkt. No. 12]. As the Court's March 19 order explained, Defendant Greg Roberts is an individual and may, if he chooses, represent himself in this matter. *See* 28 U.S.C. § 1654.

Mr. Elizondo's withdrawal in late March 2014 was based on Mr. Elizondo's representations, among others, that "[t]here is good cause for this court to grant the motion to withdraw because defendant has not communicated with the attorney in charge since September, 2013 other than to tell attorney that both defendants are without any financial means and that attorney should do what is in attorney's best interest" and that "defendants have outstanding amounts that are owed to attorney for attorney's services provided on this case," Dkt. No. 12 at 1, and that Mr. Roberts

-1-

himself failed to ever communicate with Mr. Elizondo, *see* Dkt. No. 14.

No counsel of record has entered an appearance for Mr. Roberts after Mr. Elizondo's withdrawal, and so Mr. Roberts is proceeding *pro se* in this case. Mr. Elizondo's Motion to Withdraw as Attorney in Charge provided 1039 N. Ravina, Dallas, Texas 75211 as the last known address of Defendant Greg Roberts. *See* Dkt. No. 12 at 2.

In the Court's March 19, 2014 Order Granting Motion to Withdraw as Attorney in Charge [Dkt. No. 16], the Court ordered, among other things, that "[m]ediation of this case must be completed by June 16, 2014." Dkt. No. 16 at 4. And, on July 7, 2014, the Court issued an order requiring the parties to submit a joint status report regarding trial dates and related matters by July 21, 2014. *See* Dkt. No. 21.

No report was filed. But, on July 15, 2014, Plaintiff filed a Notice Concerning Mediation reporting that Plaintiff's counsel has been unable to communicate with Defendant Greg Roberts and therefore been unable to participate in mediation as ordered by this Court. *See* Dkt. No. 23 at 1.

In an August 5, 2014 Order Requiring Status Report [Dkt. No. 24], the Court ordered that, by August 12, 2014, Plaintiff must file the joint status report required the Court's July 7, 2014 Order Requiring Joint Status Report [Dkt. No. 21] or, if Plaintiff remains unable to communicate with Defendant Greg Roberts, a status report, with appropriate supporting materials (which appear to have been omitted from Plaintiff's July 15 notice), detailing Plaintiff's efforts to do so.

Plaintiff filed his status report on August 12, 2014, explaining that, "[s]ince the

March 19, 2014 Order, Plaintiff has sent the following correspondence to Defendant, Gregg Roberts: a. May 13, 2014 - Letter regarding mediation - via certified mail 7013 2250 0002 2199 0289 (Exhibit A) which was returned to [Plaintiff's counsel] on June 10, 2014 (Exhibit B). b. July 15, 2014 – A copy of the Notice Concerning Mediation (Dkt 23) via regular mail (Exhibit C) which was returned to [Plaintiff's counsel] on July 22, 2014 (Exhibit D)." Dkt. No. 25 at 1. Plaintiff reports that "[c]ounsel for Plaintiff remains unable to communicate with Defendant Gregg Roberts." *Id.* at 2.

The Court notes that Plaintiff's counsel's May 13, 2014 letter to Mr. Roberts was returned with the notation "RETURN TO SENDER - UNCLAIMED - UNABLE TO FORWARD" and that Plaintiff's counsel's July 15, 2014 letter to Mr. Roberts was returned with the notation "RETURN TO SENDER - ATTEMPTED - NOT KNOWN - UNABLE TO FORWARD." Dkt. No. 25.

The copy of the July 7, 2014 Order Requiring Joint Status Report [Dkt. No. 21] mailed by the Clerk of the Court to Mr. Roberts at 1039 N. Ravina, Dallas, Texas 75211 was likewise returned with the notation "RETURN TO SENDER - ATTEMPTED - NOT KNOWN - UNABLE TO FORWARD." Dkt. No. 22. Mr. Roberts has not provided the Court with another address.

Since the time of Mr. Elizondo's withdrawal, Mr. Roberts has made no filings with, and, to the Court's knowledge, has had no communications, with the Court or its personnel. But the Clerk's mailings to Mr. Roberts of the Court's orders have, according to the docket, not previously been returned undelivered before the return of the mailing of the copy of the July 7, 2014 Order Requiring Joint Status Report [Dkt.

No. 21].

On August 13, 2014, the Court issued an Order to Show Cause providing that:

· A show cause hearing is set for September 2, 2014 at 2:00 p.m. before U.S. Magistrate Judge David L. Horan, 1100 Commerce Street, 15th Floor, Dallas, Texas.

· Defendant Greg Roberts is ordered to attend this hearing in person, then and there to show cause why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f) – including by striking Defendant's pleadings in whole or in part, directing the entry of default against Defendant, and rendering a default judgment against Defendant – for failing to comply with the requirements of this Court's March 19, 2014 Order Granting Motion to Withdraw as Attorney in Charge [Dkt. No. 16] and this Court's July 7, 2014 Order Requiring Joint Status Report [Dkt. No. 21].

· Plaintiff's counsel is also ordered to attend this hearing.

· Defendant Greg Roberts also may – in addition to (not in lieu of) appearing at the September 2, 2014 show cause hearing – file a written response to this Order to Show Cause by August 28, 2014, explaining why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f) for failing to comply with this Court's March 19, 2014 Order Granting Motion to Withdraw as Attorney in Charge [Dkt. No. 16] and this Court's July 7, 2014 Order Requiring Joint Status Report [Dkt. No. 21].

· If Plaintiff's' counsel or Defendant Greg Roberts fails to appear at the show

cause hearing, the Court may impose additional sanctions, including striking pleadings or parts thereof, dismissing claims in whole or in part, and rendering a default judgment.

- The Clerk of Court is directed to serve a copy of this Order to Show Cause on Defendant Greg Roberts via certified mail, return receipt requested, at each of the following address: Greg Roberts, 1039 N. Ravina, Dallas, Texas 75211; Greg Roberts, P.O. Box 224105, Dallas, TX 75222.

Dkt. No. 26 at 5-6.

The Clerk served Mr. Roberts as directed, but the copy sent to 1039 N. Ravina, Dallas, Texas 75211 was returned with the notation "RETURN TO SENDER - NO SUCH NUMBER - UNABLE TO FORWARD." Dkt. No. 27. To date, the copy sent to P.O. Box 224105, Dallas, TX 75222 has not been returned as undelivered.

Defendant Greg Roberts made no filing as permitted by the Order to Show Cause and did not appear at the September 2, 2104 show cause hearing, even though the Court waited to begin the hearing until 2:15 p.m.

Plaintiff's counsel appeared at the hearing as ordered. *See* Dkt. No. 29. At the hearing, Plaintiff's counsel reported that Plaintiff's counsel had never been able to make contact with Mr. Roberts after Mr. Elizondo's withdrawal.

## Legal Standards

Under Federal Rule of Civil Procedure 16(f), the Court may, *sua sponte*, issue sanctions, including those authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), if a party fails to comply with a scheduling or other pretrial order.

*See* FED. R. CIV. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (C) fails to obey a scheduling or other pretrial order."). Rule 37(b)(2)(A) provides, in pertinent part, the Court may enter as sanctions "just orders ... (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2).

When considering sanctions under Rule 16(f), the Court should fashion remedies suited to the misconduct and should consider whether lesser sanctions, short of contempt, dismissal, or a default judgment, may prove effective. *See, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). Rule 16(f)(2) further provides that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule." FED. R. CIV. P. 16(f). But the Court will not award fees and expenses under Rule 16(f) if the failure or noncompliance "was substantially justified or other circumstances make an award of expenses unjust." *Id.*

In deciding whether a sanction under Rule 16(f) is merited, the Court need not find that the party acted willfully, intentionally, or in bad faith. *See Lucas Auto. Eng'g,*

*Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001); *Martin Fam. Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal.1999) (collecting cases); 6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1531 (3d ed. 2012). The fact that a pretrial order was violated is sufficient to allow some sanction, as Rule 16(f)'s text itself makes clear. *See* 6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1531. Rule 16(f) also does not require a showing of prejudice to justify sanctions. *See John v. Louisiana*, 899 F.2d 1441, 1448 (5th Cir. 1990). But, under Rule 16(f), the extreme sanction of a default judgment requires "a clear record of delay or contumacious conduct by the" party to be sanctioned. *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997).

## Analysis

The record in this case documents a clear history of delay and contumacious conduct by Defendant Greg Roberts. Simply put, Mr. Roberts has steadfastly refused to participate in this litigation in his own defense – first, as represented by Mr. Elizondo, and then representing himself – in the absence of appearance by substitute counsel or, in loose terms, by default – after Mr. Elizondo's withdrawal in late March 2014. The litigation of Plaintiff's claims in this case is entirely stalled because of Mr. Roberts's failure to communication with Plaintiff's counsel and to comply with this Court's orders.

Since the time of Mr. Elizondo's withdrawal, Mr. Roberts has made no filings, and, to the Court's knowledge, has had no communications, with the Court or its

personnel. Mr. Roberts has failed to provide the Court or Plaintiff with a reliable address at which he may be contacted. And Mr. Roberts has entirely failed to comply with the requirements of this Court's March 19, 2014 Order Granting Motion to Withdraw as Attorney in Charge [Dkt. No. 16], July 7, 2014 Order Requiring Joint Status Report [Dkt. No. 21], and August 13, 2014 Order to Show Cause [Dkt. No. 26].

The Court warned Mr. Roberts that, if he failed to appear at the September 2, 2014 show cause hearing, the Court may impose additional sanctions, including striking pleadings or parts thereof, dismissing claims in whole or in part, and rendering a default judgment. *See* Dkt. No. 26 at 6 (citing FED. R. CIV. P. 16(f)(1)). And, yet, although the Court delayed the start of the hearing, Mr. Roberts failed to attend the hearing to show cause why he should not be sanctioned under Rule 16(f) – including by striking his pleadings in whole or in part, directing the entry of default against him, and rendering a default judgment against him – for failing to comply with the requirements of this Court's March 19, 2014 Order Granting Motion to Withdraw as Attorney in Charge [Dkt. No. 16] and July 7, 2014 Order Requiring Joint Status Report [Dkt. No. 21]. In so doing, Mr. Roberts violated another order of the Court – the August 13, 2014 Order to Show Cause – and only added to the bases for imposing sanctions against him. *See* Dkt. No. 26 at 5.

Mr. Roberts's conduct reflects a disrespect for the judicial system and persistent disregard of the responsibilities owed to the Court and his opponents. Based on the continuing nature of Mr. Roberts's non-compliance, and the fact that Mr. Roberts was given fair warning that his non-compliance would result in sanctions, the Court

-8-

concludes that Mr. Roberts's non-compliance with court orders was willful, knowing, and the result of bad faith and that there is nothing before the Court to suggest that Mr. Roberts's non-compliance result from mistake or inadvertence rather than conscious disregard of his obligations as a defendant in a federal lawsuit. And Mr. Roberts, who is proceeding *pro se*, has no one to blame but himself for his conduct.

The Court has considered the imposition of alternate sanctions short of striking Mr. Roberts's defenses and entering a default and thereafter a default judgment. But, considering all the circumstances, including the bases on which Mr. Elizondo sought and was granted leave to withdraw, the Court finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

For all of these reasons, the undersigned concludes that Defendant Greg Roberts's violations of the Court's orders cannot be allowed to continue unabated without consequences and that, under Rule 16(f), the extreme sanction of striking Defendant Greg Roberts's answer and entering a default and thereafter default judgment is warranted.

Additionally, under Rule 16(f)(2), the Court will order Mr. Roberts to pay Plaintiff's reasonable expenses – including attorney's fees – incurred because of Mr. Roberts's noncompliance with the requirements of this Court's March 19, 2014 Order Granting Motion to Withdraw as Attorney in Charge [Dkt. No. 16], July 7, 2014 Order Requiring Joint Status Report [Dkt. No. 21], and August 13, 2014 Order to Show Cause [Dkt. No. 26]. The Court finds that Mr. Roberts's noncompliance with these orders' requirements was not substantially justified and that no other circumstances make an

award of expenses unjust.

## Conclusion

The Court ORDERS that Defendant Greg Roberts is in default. The Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), is directed to enter default against Defendant Greg Roberts.

The Court further ORDERS that the Defendants' Original Answer [Dkt. No. 5] filed by Defendants A S & I, LLC and Greg Roberts be stricken as to Defendant Greg Roberts.

Finally, the Court ORDERS that, by **October 14, 2014**, Plaintiff must file a motion for default judgment against Defendant Greg Roberts and, under Federal Rule of Civil Procedure 16(f)(2), file an application for Plaintiff's reasonable fees and expenses incurred as a result of Defendant Greg Roberts's noncompliance with the requirements of this Court's March 19, 2014 Order Granting Motion to Withdraw as Attorney in Charge [Dkt. No. 16], July 7, 2014 Order Requiring Joint Status Report [Dkt. No. 21], and August 13, 2014 Order to Show Cause [Dkt. No. 26], including Plaintiff's attorneys' fees and expenses incurred in preparing the motion for default judgment and application for attorneys' fees and expenses. Mr. Roberts may file a response to the motion for default judgment and application for attorneys' fees and expenses by **November 13, 2014**, and, if Mr. Roberts timely files a response to either or both filing, Plaintiff may file a reply in support of his motion and application by **December 1, 2014**.

The Clerk of Court is DIRECTED to serve a copy of this Memorandum Opinion

and Order on Defendant Greg Roberts via certified mail, return receipt requested, at each of the following address: Greg Roberts, 1039 N. Ravina, Dallas, Texas 75211; Greg Roberts, P.O. Box 224105, Dallas, TX 75222.

SO ORDERED.

DATED: September 2, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE