IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JULIUS BARNETT,                        §
                                       §
                Plaintiff,             §
                                       §
V.                                     §          No. 3:13-cv-2464-BN
                                       §
A S & I, LLC and GREG ROBERTS,         §
                                       §
                Defendants.            §

**MEMORANDUM OPINION AND ORDER ON DEFAULT JUDGMENT**

Plaintiff Julius Barnett ("Plaintiff") has filed motions for entry of default judgment against Defendants A S & I, LLC and Greg Roberts ("Roberts"). *See* Dkt. Nos. 20 & 36. Defendant A S & I, LLC has not appeared through counsel, as required, and neither Defendant has filed a response within the deadlines established by the Court. For the reasons set forth below, Plaintiff's motions for entry of default judgment [Dkt. Nos. 20 & 36] are GRANTED.

**Background**

Plaintiff filed this action on June 27, 2013, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. *See* Dkt. No. 1 at 1. Defendants A S & I, LLC and Roberts filed an answer to Plaintiff's Complaint on July 19, 2013. *See* Dkt. No. 5. United States District Judge Sam A. Lindsay was the presiding judge in this action until August 20, 2013, when it was reassigned to the undersigned United States magistrate judge, *see* Dkt. No. 9, after the Court received notice that all parties consent to trial before, and entry of final judgment by, the undersigned under 28 U.S.C. §

-1-

636(c), *see* Dkt. No. 8.

On March 19, 2014, the Court entered an order granting a motion to withdraw as counsel filed by Raul Elizondo, P.C. and its attorney Raul Elizondo based, in large part, on Roberts's failure to meaningfully communicate with counsel since September 2013. *See* Dkt. No. 16. The Court also ordered that the now-unrepresented corporate defendant obtain new counsel by April 18, 2014. *Id.* at 3. Because Defendants failed to comply with this order, the Court struck A S & I, LLC's answer for failure to appear through counsel. *See* Dkt. No. 18; *Barnett v. A S & I, LLC*, No. 3:13-cv-2464-BN, 2014 WL 1641905 (N.D. Tex. Apr. 24, 2014). The Court also directed the Clerk of Court to enter default against A S & I, LLC and instructed Plaintiff to move for default judgment against that entity. *See* Dkt. No. 18 at 4-5. On May 15, 2014, Plaintiff filed his motion for entry of default judgment against A S & I, LLC. *See* Dkt. No. 20.

As set forth at length in the Court's September 2, 2014 Memorandum Opinion and Order, Roberts continued to exhibit a clear history of delay and contumacious conduct. *See* Dkt. No. 30; *Barnett v. A S & I, LLC*, No. 3:13-cv-2464-BN, 2014 WL 4327904 (N.D. Tex. Sept. 2, 2014). Since the time of Mr. Elizondo's withdrawal, Roberts made no filings with and, to the Court's knowledge, had no communications with the Court or its personnel and failed to respond to Court orders or appear at a September 2, 2014 show cause hearing. *See* Dkt. No. 30. After setting forth the applicable law and providing analysis of Roberts's conduct, the Court found that "Mr. Robert's conduct reflects a disrespect for the judicial system and persistent disregard

of the responsibilities owed to the Court and his opponents." *Id.* at 8. Accordingly, the Court struck Roberts's answer to Plaintiff's Complaint, found him to be in default, instructed the Clerk of Court to enter default against him, and directed Plaintiff to file a motion for default judgment against Roberts. *See id.* at 10. Plaintiff filed his motion for default judgment against Roberts on October 16, 2014. *See* Dkt. No. 36.

### Legal Standards

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). As United States District Judge Barbara M.G. Lynn explained last year,

> Rule 55 (b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

> The [United States Court of Appeals for the] Fifth Circuit favors

resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers,* 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). Entry of default judgment is completely within the Court's discretion. *See Lindsey,* 161 F.3d at 893. The Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen.,*

*Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (internal citations omitted). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (internal quotation marks omitted); *see also Arch Ins. Co.*, 2013 WL 145502, at *5.

Under the FLSA, an employer who violates the statute is required to pay attorneys' fees and costs of court. *See* 29 U.S.C. 216(b) ("The court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Singer v. City of Waco*, 324 F.3d 813, 829 n.10 (5th Cir. 2003).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir.1994)); *see also Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) ("[W]e use the lodestar method to calculate an appropriate attorney's fee award under the FLSA."). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time

records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11)the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in

exceptional cases. *See Watkins*, 7 F.3d at 457.

## Analysis

Entry of Default Judgment

The Court finds that the prerequisites for entering a default judgment are satisfied as to both Defendants.

First, as a corporation, A S & I, LLC is neither a minor nor an incompetent person, nor can it be active in military service. *See* FED. R. CIV. P. 55(b)(2); 50 App. U.S.C. § 521(a),(b)(1)(A)-(B). There is no evidence in the record to establish that Rogers is a minor, is an incompetent person, or is active in military service.

Second, neither Defendant has filed any responsive pleadings or otherwise appeared in this case since the time that defense counsel was permitted to withdraw from this case and the Court struck Defendants' answer. Defendants therefore have not contested any facts presented in Plaintiff's Complaint. *See Lindsey,* 161 F.3d at 893; *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact").

Third, Defendants' failure to respond to Plaintiff's Complaint or otherwise communicate with the Court threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests in pursuing its rights afforded by law. *See Lindsey,* 161 F.3d at 893.

Fourth, as the Court held in ordering default against Rogers, there is no

evidence before the Court that "a good faith mistake or excusable neglect" caused the default. *See* Dkt. No. 30 at 9. Rogers has had over eight months to obtain counsel for A S & I, LLC, answer or otherwise respond to Plaintiff's Complaint, or otherwise communicate with the Court, and appear at a show cause hearing – and in doing so prevent the "drastic" remedy of a default judgment. He did none of those things.

Fifth, Plaintiff seeks only the relief to which it seemingly entitled under the FLSA, and the Court is aware of no applicable defense. *See Helena Chem. Co. v. Goodman.*, No. 5:10-cv-121, 2011 WL 1532200, at *1 (S.D. Miss. Apr. 21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has a meritorious defense to the complaint).

Finally, based on the facts known to the Court, there is no "good cause" for which it would be obligated to set aside the default if later challenged by Defendants. *See Lindsey,* 161 F.3d at 893; *CJC Holdings v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir. 1992).

Accordingly, the entry of a default judgment against both parties under Federal Rule of Civil Procedure 55 is appropriate.

Damages

Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979). But, when the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting

documents, and when a hearing would not be beneficial to the court, a hearing is unnecessary. *See Leedo Cabinetry,* 157 F.3d at 414; *see also James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *James,* 6 F.3d at 311 (internal citations omitted).

Here, Plaintiff submitted an affidavit setting forth his damages. *See* Dkt. No. 20-1 & 36-1. The damages set forth in Plaintiff's affidavit are capable of mathematical calculation. Therefore, the Court need not conduct a hearing to enter a default judgment and determine the amount of damages pursuant to Federal Rule of Civil Procedure 55(b)(2).

Based on the well-pleaded allegations of Plaintiff's Complaint – which the Court accepts as true – and based on Plaintiff's declaration, the Court determines that A S & I, LLC and Greg Roberts have violated the FLSA by failing to pay Plaintiff minimum wage and overtime as required under the statute. In his declaration, Plaintiff provides evidence of his hourly rate and the number of hours that he worked in overtime. His calculation for the amount of unpaid overtime wages owed is $330.00. *See* Dkt. No. 20-1 at 1; Dkt. No. 36-1 at 1. Plaintiff also provides evidence that he did not receive any payment at all for two weeks, for which he claims minimum wages. Plaintiff also seeks overtime hours during those two weeks, which is not included in the amount of unpaid overtime wages stated above. *See id.* His calculation for the amount of unpaid minimum wages and overtime for those two weeks is $805.00. *See id.* Accordingly, the

total amount of unpair regular and overtime wages is $1,135.00. *See id.*

A plaintiff is entitled to an equal amount in liquidated damages if the failure to pay is a willful violation. 29 U.S.C. § 216(b). A court may not reduce or eliminate liquidated damages unless the employer first carries its burden of establishing that its failure to comply with the FLSA was done in good faith. *See Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Defendants, by failing to appear through counsel and properly answer or otherwise respond to Plaintiff's complaint, have admitted the well-pleaded allegations. *See Nishimatsu Constr. Co.,* 515 F.2d at 1206. Accordingly, the Court determines that Plaintiff is entitled to an equal amount in liquidated damages and that the total amount of damages to which he is entitled, including both the overtime and minimum wage claims, is $2,270.00.

Attorneys' Fees

Plaintiff also requests attorneys' fees and costs, including attorneys' fees for collecting on the default judgment. Having established through default that the defendants are liable to the plaintiff under the FLSA, Plaintiff has also shown that he is entitled to court costs and attorneys' fees incurred in filing the case and seeking the default judgment. The Court finds that the requested costs and attorneys' fees are reasonable under the circumstances of the case.

Plaintiff seeks $524.00 in costs and $5,952.50 in attorneys' fees for a total of 21.65 hours of work performed by attorney Charles L. Scalise, an attorney identified attached billing records only as "VAP" (presumably Vijay Anand Pattisapu, who appeared at the September 2, 2014 show cause hearing), and paralegal Erica Tovar.

*See* Dkt. Nos. 36 & 36-2. The requested hourly billing rate for Mr. Scalise is $350; for

Mr. Pattisapu, $300; and for Ms. Tovar, $95.

Mr. Scalise declares that he is an experienced employment law attorney who has

practiced exclusively in the area of employment law for fourteen years and has over 20

years of civil litigation experience. *See* Dkt. No. 20-2 at 1. During the past nine years,

his practice has been almost exclusively dedicated to representing employees with

wage claims, including claims brought under the FLSA. *See id.* Mr. Scalise declares the

he is familiar with the rates charged by attorneys with similar experience in Central

Texas, that a reasonable hourly fee for a lawyer with similar experience and expertise

is $350.00 per hour, and he has previously been awarded $350.00 per hour by other

federal courts, including the Dallas Division of the Northern District of Texas. *See id.*

The billing records generally reflect the work performed by each attorney or paralegal

with a narrative description of the work done and the number of hours that it took to

complete the work. *See* Dkt. No. 36-2.

The Court finds that the prevailing rate in Dallas County for attorneys with the

experience, skill, and ability of Mr. Scalise is, if anything, higher than the rates and

fees charged by Ross Law Group. The Court finds, based on the information and record

before the Court, including the Declaration of Charles Scalise, that the requested

hourly rate of $350.00 is reasonable and is within the market rate for attorneys

handling this type of litigation in the Dallas area. *See generally Vanliner Ins. Co. v.*

*DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014)

(noting that the Court is an expert on the reasonableness of attorneys' fees).

Although Mr. Scalise does not address the training or experience of Mr. Pattisapu, the Court observes that Mr. Pattisapu's role in the case was to prepare for, travel to, and attend the show cause hearing that Mr. Scalise – whose billing rate is $50 higher per hour – would presumably have otherwise attended. *See* Dkt. No. 36-2 at 6. Mr. Scalise also does not address the training or experience of Ms. Tovar. However, the hourly rate of $95 requested by Plaintiff is reasonable in light of the fact that courts in the Northern District of Texas commonly award paralegals rates of $100 per hour or more. *See Rolex Watch U.S.A., Inc. v. Mills*, No. 3:12-cv-61-L, 2012 WL 5903782, at *5-*6 (N.D. Tex. Nov. 26, 2012) (awarding fees of $125 per hour for a paralegal); *Fralick v. Plumbers and Pipefitters Nat. Pension Fund,* No. 3:09-cv-752-D, 2011 WL 487754, at *1 n.3 (N.D. Tex. Feb. 11, 2011) (finding hourly rate of $100 reasonable for paralegal); *EsNtion Records, Inc. v. Triton TM, Inc.*, No. 3:07-cv-2027-L, 2010 WL 3446910, at *3 (N.D. Tex. Aug. 31, 2010) (accepting $125 per hour rate for paralegal without further discussion where parties did not dispute rate).

The Court finds the appropriate lodestar here to be calculated as 13.75 hours for Mr. Scalise at $350.00 an hour ($4,812.50); 1.9 hours for Mr. Pattisapu at $300.00 an hour ($570.00); and 6.0 hours for Ms. Tovar at $95.00 an hour ($570.00), for a total of $5,952.50. The Court has considered the *Johnson* factors but notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, Plaintiff does not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The Court also finds that the $400.00 filing fee and $124.00

in money expended for process server fees are properly taxed as costs of court under 29 U.S.C. § 216(b).

Joint and Several Liability

The "overwhelming weight of authority" holds that an employer is jointly and severally liable under the FLSA for unpaid wages. *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984); *see also Lee v. Coahoma Cnty, Mississippi*, 937 F.2d 220, 226 (5th Cir. 1991) ("If an individual with managerial responsibilities is deemed an employer under the FLSA, the individual may be jointly and severally liable for damages resulting from the failure to comply with the FLSA."), *modified on other grounds*, 37 F.3d 1068 (5th Cir. 1993); *Moreno v. Edcare Mgmt*, 243 F.R.D. 258, (W.D. Tex. 2007) ("All entities that are employers within the meaning of the FLSA are jointly and severally liable for all damages that stem from failure to comply with the provisions of the FLSA.") (citing cases).

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 209(d). The United States Court of Appeals for the Fifth Circuit has explained that the "remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *McLaughlin v. Seafood, Inc.,* 867 F.2d 875, 877 (5th Cir. 1989). Accordingly, the Fifth Circuit has approved use of the "economic realities" test to determine who is an employer under the FLSA. *Williams v. Henagan,* 595 F.3d 610, 620 (5th Cir. 2010) (citing *Goldberg v.*

*Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961) (noting in the FLSA context that "economic reality rather than technical concepts is to be the test of employment")). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers,* 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams,* 595 F.3d at 620). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Id.* at 357.

Here, Plaintiff alleges that Defendant Greg Roberts "at all times relevant to this claim acted directly or indirectly in the interest of Defendant, A S & I, LLC, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant Greg Roberts was Plaintiff's employer as defined by 29 U.S.C. §203(d)." Dkt. No. 1 at 1. This allegation, which has been proven through the default of Defendants, is sufficient to establish that Greg Roberts is an employer as defined by the FLSA. Because Defendant Rogers is an employer under the FLSA, he is jointly and severally liable with Defendant A S & I, LLC for Plaintiff's damages resulting from Defendant A S & I, LLC's failure to pay Plaintiff wages and overtime pay required by law in violation of the FLSA.

## Conclusion

Plaintiff's motions for default judgment [Dkt. Nos. 20 & 36] are GRANTED.

Accordingly, Plaintiff is entitled to judgment against A S & I, LLC and Greg Roberts, jointly and severally, in the amount of $2,270.00 of overtime and minimum wage claims, $5,952.50 in attorneys' fees, and $524.00 in costs, for a total judgment of $8,746.50.

     SO ORDERED.

     DATED: December 8, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE